UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>S. McCAIN; M. McKENZIE; SERGEANT CASTRO; G. HERNANDEZ,<br><br>　　　　　　　　Defendant. | Case No.: 3:16-cv-01256-DMS (WVG)<br><br>**ORDER: DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A** |

Charles Ray Cathy ("Plaintiff"), a state inmate currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding pro se, has filed an action brought pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff claims his constitutional rights were violated while he was housed at Calipatria State Prison. (*See* Compl., ECF No. 1, at 1.)

Plaintiff has prepaid the initial civil filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a). In addition, Plaintiff has filed a "Motion for Verification of Plaintiff's Pending Suit and Recognition of PLU Status," along with a

1  "Motion for Service of Summons and Complaint by United States Marshal." (ECF Nos.
2  4, 6.)

## I. Initial Screening per 28 U.S.C. § 1915A(b)(1)

Even though Plaintiff paid the filing fee, the Court can conduct a sua sponte review of Plaintiff's Complaint because he is "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a), (c). Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). A similar screening provision of the PLRA would apply to Plaintiff's Complaint even if he successfully moved to proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### A. Eighth Amendment violations

Plaintiff alleges that he is a "validated/documented Crip." (Compl. at 4.) He further alleges that Defendants McCain and McKenzie were aware of his gang status. (*Id.* at 4-5.) On November 11, 2015, while Plaintiff was housed at Calipatria State Prison ("CAL"), Defendants McCain and McKenzie came to his cell and informed him that he would be changing cells. (*Id.* at 1, 4-5.) Other inmates informed Plaintiff that the cell he was being moved to housed an inmate from a rival gang. (*Id.* at 4-5.) These inmates also informed Plaintiff that the officers were aware of this issue and "were trying to set me up in a gladiator like scenario." (*Id.*) However, Plaintiff alleges that Defendants "McKenzie and McCain then came back to my cell and told me that the guy in the other cell" is, in fact, a member of a rival gang and the "Sergeant wants to send you to [administrative segregation] since you refused to move." (*Id.* at 5-6.) Plaintiff was then sent to administrative

2
3:16-cv-01256-DMS (WVG)

segregation ("ad-seg") and was not placed with the inmate from the rival gang. (*Id.* at 6.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison officials he seeks to hold liable were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer,* 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Ultimately, Plaintiff's Complaint contains no facts to plausibly suggest that he faced a "substantial risk of serious harm" at the time he was sent to ad-seg. While Plaintiff was allegedly going to be housed with a member of a rival gang, and even assuming the facts as true that the intent was to set up a "gladiator fight," there are no facts to show that he suffered any harm because he was never actually exposed to a risk based on his own allegations. Moreover, when Plaintiff objected to being housed with an inmate from a rival gang, prison officials responded by placing him in ad-seg as opposed to moving him into that cell.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably." *Id.* at 844. Plaintiff does not allege any facts to support a finding that the Defendants responded unreasonably to a substantial risk of harm.  Therefore, the Court finds that Plaintiff has failed to allege facts sufficient to find "deliberate indifference" on the part of any named Defendant.

/ / /

For these reasons, the Court finds Plaintiff's failure to protect claims must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### B.     Fourteenth Amendment Due Process claims

Plaintiff also alleges that he was placed in ad-seg without due process. The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's Complaint fails to allege facts which show that being placed in ad-seg for an unspecified period of time subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his placement in ad-seg. Nor does he allege the duration of his time housed in ad-seg, or the degree of restraint it imposed. *Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

/ / /

Plaintiff's Complaint contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions" of Plaintiff's sentence or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85.

For these reasons, the Court finds Plaintiff's due process must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## II.     Motion for Verification of Plaintiff's Suit and Recognition of PLU Status

Plaintiff has also filed a motion in which he "requests for the Court to verify Plaintiff's current activity in the above matter to secure his "P.L.U."[1] status with Kern Valley State Prison and any other State facility. (Pl.'s Mot., ECF No. 4, at 1.)  Plaintiff claims that "Legal Officer Valdez" will not provide Plaintiff with photocopies and has denied him "Priority Legal User" status.  To the extent that Plaintiff is attempting to amend his Complaint to add an access to courts claim, the Court denies Plaintiff's Motion because the facts as alleged are insufficient to state a claim.

Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); accord *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Id.* at 828.  To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a non-frivolous legal attack on his conviction,

---

[1]  "Inmates who have established court deadlines may apply for Priority Legal User (PLU) status to the prison law libraries.  Inmates who are granted PLU status based on their applications shall receive higher priority to prison law library resources than other inmates." Cal. Code Regs., tit. 15 § 3122(b) (2015).

sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff fails to allege that any CDCR official's refusal to grant him PLU status or failure to comply with photocopy procedures on any particular occasion precluded his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."). In addition, Plaintiff must also, but has failed to, describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In short, unless Plaintiff can show that "a complaint he prepared was dismissed," or that he was "so stymied" by CDCR officials' actions that "he was unable to even file a complaint," direct appeal, or petition for writ of habeas corpus that was not "frivolous," his access to courts claim must be dismissed. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

Thus, Plaintiff's "Motion for Verification of Plaintiff's Pending Suit and Recognition of PLU Status" is GRANTED in part, and DENIED in part. The Motion is GRANTED to the extent that Court's docket verifies that Plaintiff has filed a civil rights action in this Court, however, the Court declines to interfere with the CDCR's regulations

in determining whether Plaintiff is entitled to PLU status as he has failed to show that he has been denied access to the courts.

**Conclusion**

For all the reasons set out above, IT IS ORDERED that:

(1) Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b).  However, Plaintiff is granted forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

(2) Plaintiff's "Motion for Verification of Plaintiff's Pending Suit and Recognition of PLU Status" is GRANTED in part, and DENIED in part.

(3) Plaintiff's "Motion for Service of Summons and Complaint" is DENIED as moot in light of the Court's dismissal, without prejudice, of the entire action.

The Clerk of Court is directed to mail a form civil rights complaint to Plaintiff.

Dated:  June 28, 2016

_____
Hon. Dana M. Sabraw
United States District Judge