UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY,<br><br>                              Plaintiff,<br><br>v.<br><br>S. McCAIN; M. McKENZIE; SERGEANT CASTRO; G. HERNANDEZ,<br><br>                              Defendants. | Case No.:  16-CV-1256-DMS(WVG)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT** |

Plaintiff Charles Ray Cathy, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court dismissed the action and granted Plaintiff leave to file a First Amended Complaint.  Plaintiff filed his First Amended Complaint and filed a subsequent motion requesting a correction to his First Amended Complaint.  In light of the liberal pleading standards afforded to a *pro se* litigant, the Court RECOMMENDS that Plaintiff's Motion to correct his First Amended Complaint be construed as a Motion to Amend the First Amended Complaint and that his Motion so construed be GRANTED.

1

16-CV-1256-DMS(WVG)

## I. PROCEDRUAL OVERVIEW

Plaintiff, proceeding *pro se* filed his original civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 25, 2016. (Doc. No. 1.) The Court dismissed the action *sua sponte* pursuant to 28 U.S.C. § 1915A on June 28, 2016, for failure to allege facts sufficient to state causes of action. (Doc. No. 7.) Plaintiff filed his First Amended Complaint on August 8, 2016. (Doc. No. 10.) Subsequently, Plaintiff filed a motion requesting a correction to the First Amended Complaint on September 9, 2016. (Doc. No. 12.) Defendants have not appeared in the suit yet and, thus, have not opposed the motion.

Plaintiff's original complaint indicated that he is suing Defendants both in their individual and official capacities. Upon filing his First Amended Complaint, it appears that Plaintiff forgot to preserve that specification and now seeks to correct his First Amended Complaint for the purpose of clarifying his intention to sue Defendants in their individual and official capacities.

## II. FACTUAL ALLEGATIONS

Plaintiff's First Amended Complaint alleges violations of his First, Eighth, and Fourteenth Amendment rights. (Doc. No. 8 at 3, 5.) Specifically, he contends that Defendants violated his Eighth Amendment rights when they allegedly "acted with deliberate indifference to the threat of serious harm or injury to Plaintiff by another prisoner while on duty as a correctional officer." (*Id.* at 3.)

Plaintiff, a fifty-year old man with a documented mobility disability, currently is incarcerated in Kern Valley State Prison. (*Id.* at 3A, Ex. A.) On November 11, 2015, while Plaintiff was still incarcerated at Calipatria State Prison, he alleges that Defendants McCain and McKenzie, correctional officers, arranged for Plaintiff's transfer to a different cell block and refused to divulge who his new cellmate would be, in violation of the facility's double-cell policy. (*Id.* at 3A.) Defendant Castro, the sergeant on duty at the time, also allegedly refused to identify Plaintiff's new cellmate. (*Id.*) As Plaintiff prepared to move

1
2
3
4
5
6
7
8
9
to the new cell block, another inmate indicated to Plaintiff that his new cellmate was a Blood gang member who was prepared to "bust [Plaintiff's] head open" if Plaintiff moved, as Plaintiff belonged to the rival Crip gang. (*Id.* at 3B.) Plaintiff asserts that Defendants were aware that Plaintiff and the proposed cellmate were from rival gangs. (*Id.*) Plaintiff refused to move when Defendants came to collect him. (*Id.*) Plaintiff alleges that Defendants violated his Eighth Amendment rights when they failed to follow protocol requiring them to verify that rival gang members are not placed in the same cell, and thereby acted with deliberate indifference to the threat of serious harm to Plaintiff or another prisoner. (*Id.* at 3.)

10
11
12
13
14
15
16
17
18
19
20
21
22
23
Plaintiff further claims that Defendants violated his First Amendment rights when they allegedly retaliated against him by withholding his personal property upon his release from administrative segregation, and attempted to intimidate him by threatening to place him in administrative segregation when he refused to move. (*Id.* at 4, 4A.) When Plaintiff refused to move, Defendant McCain allegedly tried to intimidate him into compliance by saying, "[t]he Sergeant wants to send you to ad-seg [administrative segregation]." (*Id.* at 3B.) Because Plaintiff stalwartly refused to move, Defendants retained possession of his packed belongings, and he was sent to administrative segregation. (*Id.* at 3B, 4.) After spending approximately one day in administrative segregation, the Captain who went to see Plaintiff apparently determined that Plaintiff should not have been so detained. (*Id.* at 4.) Upon his release from administrative segregation, Plaintiff learned that his belongings had been misplaced. (*Id.*) Plaintiff avows that his belongings were misplaced for approximately three months. (*Id.*) Ultimately, Plaintiff was not required to move into the new cell with the rival gang member.

24
25
Finally, Plaintiff claims that Defendants violated his Fourteenth Amendment rights when they allegedly fabricated the charges authorizing Plaintiff's detention in

3

administrative segregation and failed to issue a "Rules Violation Report" justifying his detention. (*Id.* at 5.) He further asserts that the lock-up order is incomplete. (*Id.*)

### III.  LEGAL STANDARD

**A. Rule 15(a)(2) Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its complaint once as a matter of course within twenty-one days after serving it." Fed. R. Civ. P. 15(a)(1). After that window expires, and in any other circumstance, a party may amend its complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id.* The Supreme Court of the United States has asserted that lower courts must heed this mandate. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff already has filed a First Amended Complaint, so this analysis will proceed under Rule 15(a)(2).

**B. Standards Applicable to *Pro Se* Litigants in Civil Rights Actions**

As a general principle, "'leave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect.'" *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (emphasis in original) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (superseded by statute on other grounds as stated in *Giles v. Felker*, No. 2:16-CV-923, 2016 WL 2757220, at *1-2 (E.D. Cal. May 12, 2016)) (order dismissing the complaint with leave to refile an amended complaint)). The purpose of Rule 15—facilitating decisions on the merits—is best served by liberally permitting pro se plaintiffs to correct deficiencies in their complaints unless such deficiencies clearly cannot be cured by amendment. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (affirming denial of motion to amend complaint from pro se prisoners, who claimed the facility had violated their right to religious freedom by refusing to hire a Wiccan chaplain, because the facility had hired full-time chaplains of other faiths and had a volunteer Wiccan chaplain, negating prisoners' claims). Naming a defendant incorrectly

4

in a complaint is an example of a deficiency easily cured by amendment. *See Crowley*, 734 F.3d at 978; *Lopez*, 203 F.3d at 1130-31.

Further, "[t]he 'rule favoring liberality in amendments to pleadings is particularly important to the *pro se* litigant. Presumably unskilled in the law, the *pro se* litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" *Crowley*, 734 F.3d at 977-78 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (superseded by statute as stated in *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Because *pro se* litigants often are unfamiliar with legal terminology, in some cases, district courts in the Ninth Circuit have been willing to construe documents that the litigants mischaracterize or submit using incorrect forms as having been properly named or submitted. *See Cunningham v. Kramer*, ___ F. Supp. 3d ___, No. 15-CV-1362, 2016 WL 1545303, at *1 (E.D. Cal. Apr. 15, 2016) (construing pro se litigant's "first amended complaint" that contained objections to court's screening order as a motion for reconsideration as opposed to an amended complaint).

## IV.   DISCUSSION

Plaintiff has filed a motion requesting that a correction be made to his First Amended Complaint of September 9, 2016. Specifically, Plaintiff requests that the Court mark the boxes on his First Amended Complaint to reflect that Plaintiff is suing each of the four Defendants in his individual and official capacity. Based on the nature of the request, the Court construes Plaintiff's motion to correct his First Amended Complaint as a Motion to Amend the First Amended Complaint. Because Defendants have not appeared in this suit yet, and therefore cannot provide written consent for Plaintiff to amend his complaint, this

analysis only considers whether this Court should grant Plaintiff leave to amend his First Amended Complaint pursuant to Rule 15(a)(2).

Typically, courts must give wide latitude to plaintiffs wishing to amend their complaints, although such latitude may be curbed in consideration of the following factors: (1) the opposing party would be unduly prejudiced if the plaintiff were permitted to amend the complaint; (2) the plaintiff is moving in bad faith; (3) the proposed amendment stems from undue delay; and (4) amending the complaint would be futile. *See Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). The factors are not weighted equally. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Court's determination should be made "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**A. Undue Prejudice to Opposing Party**

If a plaintiff proposes a needlessly-long amended complaint, the district court has the discretion to deny the plaintiff's motion to amend the complaint as unduly prejudicial to the opposing party. *See Cafasso*, 637 F.3d at 1058-59 (affirming district court's denial of plaintiff's motion to amend because proposed amended complaint "approach[ed] the magnitude of *War and Peace*" at more than 700 pages and would have been onerous, if not impossible, for opposing party to answer thoroughly). A motion to amend that is filed several days before the discovery cut-off, and that would necessitate additional discovery if granted, properly may be denied as causing undue delay in the litigation and being prejudicial to defendant. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Defendants have not yet appeared in this suit, and, consequently, have not opposed Plaintiff's motion to amend his First Amended Complaint. Thus, it would be difficult to imagine a scenario in which permitting this amendment would prove prejudicial to Defendants. Further, the amendment to Plaintiff's First Amended Complaint would

6

neither change the nature of Plaintiff's allegations nor require additional discovery. The proposed amendment merely corrects an oversight Plaintiff committed when filing his First Amended Complaint.

**B. Moving in Bad Faith**

Moving to amend a complaint for the sole purpose of adding a non-diverse defendant that would destroy the court's diversity jurisdiction constitutes bad faith. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (affirming denial of motion to amend complaint to add a non-diverse defendant). Again, Plaintiff is not seeking leave to alter his complaint radically and is not attempting to divest this Court's jurisdiction. Nothing suggests that Plaintiff is moving in bad faith.

**C. Undue Delay**

When facts are available to a plaintiff for a considerable amount of time before the plaintiff moves to amend the complaint to incorporate those facts, the motion may be denied in consequence of the plaintiff's undue delay in bringing the motion. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Here, Plaintiff filed his motion to correct his First Amended Complaint within approximately one month of filing his First Amended Complaint and prior to Defendants' first appearance in the suit and the setting of a pre-trial calendar. Consequently, Plaintiff has not delayed an unreasonable amount of time before seeking to correct his First Amended Complaint.

**D. Futility of Amendment**

Proposed amendments are considered futile when they are "'either duplicative of existing claims or patently frivolous.'" *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)). An amendment is also futile if the content of the amended complaint still petitions the court to order defendants to violate the Constitution. *See Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (affirming denial of Aryan Christian Odinist prisoner's motion to amend because

amended complaint still would seek a court order exempting him from sharing a cell with a man of another race and would expose prison officials to liability under the Equal Protection Clause). Finally, permitting Plaintiff to amend his complaint would not prove futile because he is not asserting duplicative claims and the correction is not patently frivolous, as it clarifies the capacities in which Defendants are being sued.

In light of Plaintiff's status as a *pro se* litigant, and the liberal pleading standards, the Court recommends that Plaintiff be granted leave to amend.

## V.   CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's motion to correct his First Amended Complaint be construed as a Motion to Amend his First Amended Complaint and that the motion be GRANTED. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **October 7, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **October 14, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: September 29, 2016

Hon. William V. Gallo
United States Magistrate Judge

8

16-CV-1256-DMS(WVG)